IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER SAADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-01966 |
| v. | ) | |
| | ) | Judge: Sara L. Ellis |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS UNDER FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(1), OR IN THE ALTERNATIVE, RULE 12(b)(6)**

Defendant CitiMortgage, Inc. ("CMI") hereby moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(1), or in the alternative, Rule 12(b)(6). This Court lacks subject-matter jurisdiction per the *Rooker-Feldman* doctrine because this litigation is a challenge to the judgements entered against Plaintiff James Alexander Saadi by the circuit court of DuPage County, Illinois in a 2011 foreclosure proceeding. As a result, this case must be dismissed. In the alternative, should this Court find that *Rooker-Feldman* does not apply, this litigation is barred by *res judicata* and is subject to dismissal under Rule 12(b)(6).

**FACTUAL BACKGROUND**

After Saadi failed to make his mortgage payments, CMI filed a foreclosure complaint against him in the circuit court of DuPage County. Ex. 1, Complaint.[1] On February 4, 2015, the state court entered a default judgment and a judgment of foreclosure and sale in favor of CMI

---

[1] This court can take judicial notice of the pleadings from the state court foreclosure. *See Malaker v. Cincinnati Ins. Co.*, 2011 WL 1337095, *6 (N.D. Ill. Apr. 7, 2011) ("the Court can take judicial notice of the fact of the state-court pleadings in the underlying lawsuit"); *see also In re W.S., Jr.*, 81 Ill.2d 252, 257 (1980) ("This practice of taking judicial notice of public records is one which has long been recognized in both civil and criminal cases").

and against Saadi. Ex. 2, February 4, 2015 Orders. Subsequently, a judicial sale was held and the state court confirmed the sale of the property. Ex. 3, June 30, 2016 Order.

Saadi did not appeal to the Illinois Appellate Court. Instead, he filed this case on March 13, 2017. Dkt. No. 1. Saadi's complaint asserts two claims under 12 C.F.R. § 1024.41(g) of the Real Estate Settlement Procedures Act (RESPA), arguing that CMI was prohibited from seeking a foreclosure judgment and prohibited from moving forward with the foreclosure sale because Saadi had submitted "facially complete" loss mitigation applications. *Id*. at ¶¶ 85-145. Saadi's claims attack the validity of the state-court foreclosure proceeding and are thus barred by the *Rooker-Feldman* doctrine. Further, Saadi's claims are barred by the doctrine of *res judicata*.

## ARGUMENT

**I.  This Court should dismiss Saadi's complaint under Federal Rule of Civil Procedure 12(b)(1).**

The *Rooker-Feldman* doctrine "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (explaining that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment").

To determine whether *Rooker-Feldman* applies to bar Saadi's claims, it is necessary to look to the injury claimed and the relief Saadi seeks. *Johnson*, 551 F.3d at 568. "Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Taylor*, 374 F.3d at 532; *see also Brown v. Bowman*, 668 F.3d 437, 443 (7th Cir. 2012) (dismissing claim where "the gravamen" of the complaint "require[d] the district court

2

to review the state judicial proceeding"). The *Rooker-Feldman* doctrine also precludes "claims that are 'inextricably intertwined' with a state-court judgment, 'such that success in federal court would require overturning the state court decision.'" *Cosey v. Ameriquest Mortg.*, 2011 WL 5828191, *2 (N.D. Ill. Nov. 18, 2011) (quoting *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003)). A matter is "inextricably intertwined" with a state court judgment when the "District Court is in essence being called upon to review the state court decision." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-83 n. 16 (1983); *see also Taylor*, 374 F. 3d at 533 (stating that a claim is "inextricably intertwined" if the "district court is in essence being called upon to review the state-court decision" – *i.e.*, it "indirectly seeks to set aside a state court judgment"). Once a claim is determined to be "inextricably intertwined," the court must then determine whether "the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F. 3d at 533. If the claim could have been raised, it is barred. *Id.*

Saadi's assertion is that by moving for a judgment of foreclosure and sale and proceeding with the associated foreclosure sale, CMI violated 12 C.F.R. § 1024.41(g) of the RESPA which limits what actions can be taken while a loss mitigation application is pending. Dkt. No. 1, ¶¶ 85-145. 12 C.F.R. § 1024.41(g) states:

> If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless: (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied; (2) The borrower rejects all loss mitigation options offered by the servicer; or (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g). Saadi requests that this court find (1) that CMI was prohibited from obtaining, and the state court was prohibited from entering, a foreclosure judgment against him,

3

and (2) that CMI was prohibited from seeking, and the state court was prohibited from confirming, the foreclosure sale. *See* Dkt. No. 1 at ¶¶ 91, 107, 136-143.

Because Saadi's complaint asks this Court to find that the state court was without authority to enter a foreclosure judgment and confirm a foreclosure sale, this Court cannot rule in Saadi's favor without effectively overturning the state court, which specifically found that CMI was entitled to a foreclosure judgment and the confirmation of the judicial sale. As such, under well-established authority, Saadi's federal complaint is "inextricably intertwined" with the state court judgment. *See Mains v. CitiBank, N.A.*, 852 F.3d 669, 674-75 (7th Cir. 2017) (finding RESPA claims barred under *Rooker-Feldman* where ruling in the plaintiff's favor "would effectively nullify the state-court judgment"); *Nora v. Residential Funding Co., LLC*, 543 Fed.Appx. 601, 602 (7th Cir. 2013) ("[b]y alleging that the fraudulent assignment to Residential Funding allowed it to succeed in foreclosing on her property in state court, Nora is impermissibly asking a federal district court to review and reject the state court's judgment of foreclosure of her property"); *Amaya v. Pitner*, 130 Fed.Appx 25, 27 (7th Cir. 2005) (finding *Rooker-Feldman* applicable where "[t]he district court could not give [plaintiff] the relief she seeks without in effect reviewing and disregarding the state court's judgment"); *see also Froncek v. Nationstar Mortg. LLC*, 2015 WL 12838166, *1 (M.D. Fla. Aug. 3, 2015) (finding claims under 12 C.F.R. § 1024.41(g) barred by *Rooker-Feldman*); *Zaychick v. Bank of Am., N.A.*, 146 F. Supp. 3d 1273, 1278 (S.D. Fla. 2015) (same); *Kawah v. PHH Mortg. Corp.*, 2016 WL 7163086, *2 (E.D. Pa. Feb. 2, 2016) (same).

Further still, there can be no question that Saadi could have raised (or perhaps did raise) his 12 C.F.R. § 1024.41(g) challenges in the state court proceedings. *See Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (finding that claims of wrongful

4

foreclosure were barred by *Rooker-Feldman* where a plaintiff had a reasonable opportunity to raise her claims in the state court proceedings because "state and federal courts have concurrent jurisdiction over RESPA"). In opposition to the judgment of foreclosure or in opposition to CMI's motion to confirm, Saadi could have alerted the state court about his alleged "facially complete" loss mitigation applications. He either failed to do so or the state court determined that his 12 C.F.R. § 1024.41(g) challenges were without merit. Either way, Saadi was in no way prevented from raising his 12 C.F.R. § 1024.41(g) challenges in the state court foreclosure and thus *Rooker-Feldman* would apply. *See Taylor*, 374 F. 3d at 533.

Because Saadi's claims are inextricably intertwined with the state-court judgment, and because he had a reasonable opportunity to raise his issues in the state court proceeding, Saadi's claims are barred by the *Rooker-Feldman* doctrine and must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

## II. In the alternative, this Court should dismiss Saadi's complaint under Federal Rule of Civil Procedure 12(b)(6).

Even if Saadi's claims were not barred by Rooker-Feldman (and they are), dismissal under Federal Rule of Civil Procedure 12(b)(6) would be proper, as Saadi's claims are barred by the doctrine of *res judicata*. "*Res judicata* applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of parties or their privies; and (3) there is an identity of causes of action." *Byrd*, 407 F. Supp. 2d at 944. *Res judicata* "prohibits parties from relitigating issues that were decided in a prior lawsuit, as well as any issues that could have been raised in the previous lawsuit." *Id.*

Here, all three of those prongs are met—the judgment of foreclosure and confirmation order result in a final judgment on the merits, CMI and Saadi are parties in both this case and the state court foreclosure, and because state and federal courts have concurrent jurisdiction over

RESPA and all the alleged misconduct occurred prior to the completion of the foreclosure, Saadi could have brought his RESPA claims in the state court action. *See Mains*, 852 F.3d at 678 (dismissing post-foreclosure federal RESPA claims as barred by *res judicata*); *Byrd*, 407 F. Supp. 2d at 944 (applying *res judicata* to post-foreclosure federal claims that "could have been raised in the prior state court action"). *Res judicata* thus provides an alternative basis to dismiss.

## CONCLUSION

This Court lacks subject-matter jurisdiction under *Rooker-Feldman* because this case is an attack on a previously entered and final state-court foreclosure judgment. As such, CMI respectfully requests that this Court dismiss this case under Federal Rule of Civil Procedure 12(b)(1). And even if this Court finds that *Rooker-Feldman* does not apply, CMI respectfully requests that this Court dismiss this case under Federal Rule of Civil Procedure 12(b)(6), as it is barred by *res judicata*.

Dated:  May 4, 2017                                          CITIMORTGAGE, INC.,

                                                             By:  /s/ Justin A. Seccombe
                                                                   One of Its Attorneys

Ryan M. Holz (6294328)
*rholz@lockelord.com*
Justin A. Seccombe (6303946)
*jseccombe@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312-443-0323 (JAS)

6

## NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

      I, Justin A. Seccombe, an attorney for Defendant CitiMortgage, Inc., hereby certify that on May 4, 2017, filing and service of the foregoing *Motion to Dismiss* was accomplished pursuant to ECF as to Filing Users, and I shall comply with L.R. 5.5 as to any party listed who is not a Filing User or represented by a Filing User.

                                                /s/ Justin A. Seccombe