UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER SAADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 1966 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court finds that it has no subject matter jurisdiction and grants Defendant CitiMortgage, Inc.'s ("Citi") motion to dismiss [12], dismissing Plaintiff James Alexander Saadi's complaint without prejudice. See statement for further details.

## STATEMENT

Saadi owned a home located in Naperville, Illinois ("the Property").[1] Saadi obtained a loan from ABN AMRO Mortgage Group, Inc. ("ABN"), secured by a mortgage on the Property in October 2006. After Citigroup (which Saadi also apparently calls Citibank, N.A.) acquired ABN, Citi began servicing the loan for and on behalf of Hudson City Savings Bank.

Citi began foreclosure proceedings against Saadi in DuPage County on February 25, 2011 (the "Foreclosure Proceedings"). Around March 8, 2012, Saadi sent a partially complete loan modification package, which Citi received. Saadi spoke with a Citi agent on May 8, 2013, about the loan modification request, stating that he wanted to keep the Property. He also complained that he could not maintain the Property as his primary residence because of damage done to the Property by a security company hired by Citi.

On August 11, 2014, Citi acknowledged receipt of Saadi's application, noted that the package was incomplete, and requested additional information and documents. Citi also stated that it would not refer Saadi's loan to foreclosure counsel, proceed with a foreclosure sale, or

---

[1] Citi seeks dismissal under Rules 12(b)(6) and 12(b)(1). For the purpose of resolving Citi's motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts in the background section are taken from Saadi's complaint and the exhibits attached thereto and are presumed true. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). For the purpose of resolving Citi's motion to dismiss based on subject matter jurisdiction under Rule 12(b)(1), the Court also accepts as true all well-pleaded facts and draws all reasonable inferences in Saadi's favor. *Conn. Gen. Life Ins. Co. v. Sw. Surgery Ctr., LLC*, No. 14 CV 08777, 2015 WL 6560536, at *2 (N.D. Ill. Oct. 29, 2015) (citing *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999)).

make any loan modification decisions for at least thirty days. Citi sent a second letter the same day, informing Saadi that once it had received all information and documents, foreclosure activity would cease pending review for a loss mitigation option. Citi approved Saadi for a repayment plan on August 18, 2014, requiring a down payment in September 2014 and then monthly payments for eleven months through July 2015.

Around January 27, 2015, Saadi completed a Citi customer hardship assistance package and sent it to Citi on February 2, 2015. On February 6, 2015, Citi mailed Saadi a confirmation that it had received his request for mortgage assistance, which stated that Citi would stop foreclosure activity when Saadi's application was complete. Two days earlier, on February 4, 2015, a judgment of foreclosure and sale was entered in the Foreclosure Proceedings.

Citi mailed Saadi a notice of incomplete application on February 10, 2015, requesting documents to complete his application for mortgage assistance, needed by the earlier of March 13, 2015 or seven business days before a scheduled foreclosure sale. Citi mailed another confirmation of his request for loan assistance on February 12, 2015. Then Citi sent another notice of incomplete application on February 25, 2015, requesting more documents by March 30, 2015. On March 27, 2015, Citi informed Saadi that he might be eligible for a loan modification and told him to expect a letter requesting documents to determine his final eligibility. On April 6, 2015, Citi mailed Saadi a letter that his application was complete and that foreclosure activity would cease while Citi evaluated his application for hardship assistance.

On May 1, 2015, Citi informed Saadi by mail that it could not modify his loan, but it offered him a potential short sale, pending further appraisal and title review. On May 5, 2015, Citi mailed Saadi to let him know that it could not approve a short sale or deed-in-lieu under the Home Affordable Foreclosure Alternatives Program ("HAFA") but would review his eligibility for Citi's own program. On September 3, 2015, Saadi received another notice of incomplete application, and, on September 23, Citi sent him a confirmation letter acknowledging his request for mortgage assistance and again telling him that, after receiving all necessary documents, Citi would stop foreclosure activity pending review of his request. Citi confirmed review was in progress the same day. Saadi also sent a hardship package to Citi on September 24, 2015. Citi acknowledged receipt on September 25 and September 29, 2015. Citi sent more receipts of request for mortgage assistance on October 5, 13, and 19.

On October 1, 2015 Citi informed Saadi that it completed a review the documents he had provided Citi and needed more information in order to process his mortgage assistance application. Saadi responded with information between October 8 and October 16, 2015. Citi informed Saadi that it had a valuation on the Property.

On November 25, 2015, Citi again informed Saadi that it could not approve a loan modification. On December 2, 2015, Citi informed Saadi that it could not approve a short sale or deed-in-lieu either.

On January 26, 2016, Citi participated in a foreclosure sale on the Property, which resulted in Citi placing the highest bid on the Property. Notices of Sheriff's Sale had been issued in the Foreclosure Proceedings on March 18, 2015, April 6, 2015, August 12, 2015, September 4,

2015, December 3, 2015, and January 15, 2015. The Sheriff's Deed was recorded on August 24, 2016.

Citi moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Saadi alleges that he was "dual-tracked" by Citi, who allowed a judgment foreclosure and foreclosure sale while Saadi sought loan modifications. Saadi alleges that Citi's dual-tracking violated 12 C.F.R. § 1024.41, promulgated by the Consumer Finance Protection Bureau under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, which prohibits the servicer from pursuing foreclosure judgment or sale, in most circumstances, if the borrower submits a complete loss mitigation application. 12 C.F.R. § 1024.41(g). Citi moves to dismiss because Saadi's claims are barred by the *Rooker-Feldman* doctrine and *res judicata* because Saadi challenges what happened or should have happened in the Foreclosure Proceedings in state court.

**I.** *Rooker-Feldman* **Doctrine**

First, Citi argues that the Court has no subject matter jurisdiction because the *Rooker-Feldman* doctrine precludes the Court's review of Saadi's claims. *Rooker-Feldman* "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Kelley v. Med–I Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (quoting *Brokaw v. Weaver*, 305 F.3d

660, 664 (7th Cir. 2002)). "The doctrine applies not only to claims that were actually raised before the state court, but to claims that are inextricably intertwined with state court determinations." *Id.* Whether the federal claim is "inextricably intertwined" "hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

Once a court has determined the claim is "inextricably intertwined" with the state court judgment, the court must decide whether the plaintiff had a "reasonable opportunity to raise the issue in state court proceedings." *Id.* If so, the court should not exercise jurisdiction. *Id.* "But if the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017).

"The paradigmatic *Rooker-Feldman* litigant is one who . . . loses in state court and asks a federal district court to modify the state decision." *United States v. Alkaramla*, --- F.3d ----, 2017 WL 4228668, at *2 (7th Cir. Sept. 25, 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). "The doctrine's complexity comes in determining whether the relief a litigant seeks 'is tantamount to vacating the state judgment.'" *Id.* (quoting *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017)).

Here, Saadi alleges that while he sought a loan modification from Citi, Citi was pursuing the Foreclosure Proceedings and the foreclosure sale. He alleges that this dual tracking resulted in the foreclosure sale and that had there been no dual-tracking, there would have been no foreclosure sale. Doc. 1 ¶¶ 77–81. He claims in Count I that Citi wrongly moved towards a judgment of foreclosure and that Citi should have stopped any ruling on default in the foreclosure action. Likewise, he claims in Count II that Citi wrongly moved for a sheriff's sale of the Property, which resulted in the foreclosure sale. Although he does not explicitly seek to overturn the state court judgment and sale, his claims seek review of the proceedings and rulings in the Foreclosure Proceedings. Therefore, his claims are intertwined with the state court proceedings, and he could have raised the loan modification issues there.

Saadi claims that he seeks damages outside the state court proceedings. Saadi attacks one half of Citi's alleged dual-tracking—he takes issue not with Citi participating in the loan modification process but with Citi moving along the mortgage foreclosure process. Even though Saadi states that he seeks actual and real damages for violations of 12 C.F.R. § 1024.41, he seeks damages only for Citi's initiation of and participation in the Foreclosure Proceedings. Saadi attacks the state court judgment of foreclosure and sale because he challenges Citi's participation in the foreclosure and what Citi did to further the sale. Therefore, Saadi's claims are barred by the *Rooker-Feldman* doctrine. *See Mains*, 852 F.3d at 677 (theories "dependent upon and interwoven with the state-court litigation" were barred by *Rooker-Feldman* doctrine).

**II.     *Res Judicata***

"Even if *Rooker-Feldman* does not bar a claim, when there is a prior state-court judgment that appears to cover the same transaction or the same issues as the later federal case, the

4

possibility exists that *res judicata* may apply." *Mains*, 852 F.3d at 675. Citi argues that the earlier state court judgment has a preclusive effect on Saadi's claims here. The Court looks to Illinois law to determine the preclusive effect of the earlier state court judgment. *Id.*; *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974–75 (7th Cir. 2016) ("Because Slowik's dismissal occurred in an Illinois state court, we apply Illinois law pertaining to *res judicata.*"). In Illinois, "[t]he doctrine of res judicata, also known as claim preclusion, applies if there is '(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies.'" *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (quoting *Rose v. Bd. of Election Comm'rs for the City of Chicago*, 815 F.3d 372, 374 (7th Cir. 2016)). "If the doctrine applies, the plaintiff is barred from raising 'not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit.'" *Id.* (quoting *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011)). The parties dispute whether the state court foreclosure case involved the same causes of action as this lawsuit.

"Illinois uses a transactional test to decide what counts as the same cause of action" and "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Chicago Title Land Tr. Co.*, 664 F.3d at 1079–80 (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893, 184 Ill. 2d 290, 234 Ill. Dec. 783 (1998)). "[T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *Id.* (quoting *River Park*, 703 N.E.2d at 893).

Even if the *Rooker-Feldman* doctrine did not bar Saadi's claims, the doctrine of *res judicata* does. Saadi alleges that Citi's dual-tracking harmed him by depriving him of a loan modification and other homeowner relief while Citi sought a foreclosure. These allegations arise from the same single group of operative facts as the mortgage foreclosure action. *See Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 945 (N.D. Ill. 2005) ("Each of Byrd's legal theories arises from the same 'transaction': the foreclosure of Byrd's mortgage."). Saadi could have raised dual-tracking in the state foreclosure proceedings as a defense. Therefore, *res judicata* would bar Saadi's claims if the *Rooker-Feldman* doctrine did not.

For the foregoing reasons, the Court finds that it has no subject matter jurisdiction and dismisses Saadi's complaint without prejudice.

Date: October 10, 2017 /s/ Sara L. Ellis